UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-217-GWU

LISA CURTIS,                                                    PLAINTIFF,

VS:                          MEMORANDUM OPINION

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,[1]                     DEFENDANT,

INTRODUCTION

Lisa Curtis brought this action to obtain judicial review of an unfavorable

administrative decision on her application for Disability Insurance Benefits (DIB).

The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for

judicial analysis of benefit denial cases:

1.      Is the claimant currently engaged in substantial gainful activity? If
yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R.
404.1520(b), 416.920(b).

2.      Does the claimant have any medically determinable physical or
mental impairment(s)?  If yes, proceed to Step 3. If no, the claimant is not
disabled. See 20 C.F.R. 404.1508, 416.908.

3.      Does the claimant have any severe impairment(s)--i.e., any
impairment(s) significantly limiting the claimant's physical or mental ability
to do basic work activities?  If yes, proceed to step 4.  If no, the claimant is
not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.      Can the claimant's severe impairment(s) be expected to result in
death or last for a continuous period of at least 12 months?  If yes,

_____

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social
Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he is
substituted for Jo Anne B. Barnhart as the defendant in this action.

1

proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work?  If yes, the claimant is not disabled.  If no, proceed to step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.   Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. <u>Id</u>.  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Id</u>.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's

opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir.

3

1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

4

The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual."  20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments."  Varley v. Secretary of Health and Human Services, 820  F.2d 777 (6th Cir.  1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Curtis, a 33 year-old former nurse's aide and nutrition store packager with a high school equivalent education, suffered from impairments related to a bipolar disorder, estimated borderline intelligence, an anxiety disorder, borderline right bundle branch block, and being status post left knee sprain.  (Tr. 18, 20, 24).  Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels.  (Tr. 24).  Since the claimant would be able to return to her past work as a nutrition store packager, she could not be considered totally disabled.  (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record does not mandate an immediate award of DIB.  Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The ALJ erred in dealing with the opinion of Dr. Sandra Dionisio, Curtis' treating physician. Dr. Dionisio completed a Medical Source Statement of Ability to do Work-Related Activities Form upon which she indicated that the plaintiff would have an "extreme" limitation of ability to respond appropriately to work pressures in a work setting and to respond appropriately to work changes.[2] (Tr. 293). The doctor also noted "marked" restrictions of ability to understand, remember, and carry out detailed instructions as as well as interact appropriately with the public, co-workers and supervisors.[3] (Tr. 292). When these restrictions were presented to Vocational Expert Joyce Forrest, she could name no jobs which could still be performed. (Tr. 348-349).

The administrative regulations at 20 C.F.R. Section 404.1527(d)(2) require that an ALJ articulate the reasons why an opinion of a treating source is to be rejected. The Sixth Circuit Court of Appeals has found that the failure of the administration to follow its own procedural rules can constitute reversible error. Wilson v. Commissioner of Social Security, 378 F.3d 541, 546 (6th Cir. 2004). In the present action, the ALJ did cite reasons why Dr. Dionisio's opinion was rejected. These factors included (1) that the opinion was not supported by other evidence of record, (2) that the claimant had discontinued most of her medication at the time of the assessment due to pregnancy, and (3) the patient's refusal of supportive treatment. (Tr. 20). However, while reasons were given, the Court finds they were insufficient to form the basis for rejecting the treating source's opinion.

The ALJ's statement that no other evidence supports Dr. Dionisio is not

---

[2]"Extreme" was defined as "no useful ability to function in this area." (Tr. 292).

[3]"Marked" was defined as "the ability to function is seriously limited but not precluded." (Tr. 292).

accurate.  Psychologist Stuart Cooke performed a consultative examination and diagnosed a bipolar disorder, a panic disorder with agoraphobia and a an anxiety disorder.  (Tr. 287).  Cooke indicated that the plaintiff's ability in most areas would be "poor."  (Tr. 289-290).[4]  When Forrest considered these restrictions, she also reported that no jobs could be performed.  (Tr. 350-351).  Thus, Cooke's opinion appears to the undersigned to be essentially consistent with that of Dr. Dionisio.

Curtis was also examined by Psychologist Kenneth Starkey.  Starkey stated that even with supportive treatment, the plaintiff would have only a "guarded to poor" prognosis for return to gainful employment.  Thus, this opinion also appears compatible with the opinion of Dr. Dionisio.  Therefore, the ALJ's finding that no other evidence supports Dr. Dionisio was inaccurate and an insufficient reason to deny controlling weight to the opinion of a treating source.

With regard to the fact that Curtis had stopped taking most of her medication at the time of Dr. Dionisio's assessment, the undersigned notes that this was done at the request of her obstetrician.  (Tr. 294).  This would certainly appear to have been medically necessitated to protect the health of Curtis' unborn child and the Court sees nothing suspicious about it.  This temporary cessation does not appear to have influenced Dr. Dionisio's opinion, who seemed to understand she was assessing long-term mental limitations. Therefore, the Court also finds this ground to be inadequate.

The final reason cited by the ALJ for the rejection of Dr. Dionisio's opinion was that Curtis had rejected supportive treatment.  The Court notes that the ALJ did at least find that the plaintiff suffered from severe mental problems including

---

[4]"Poor' was defined as "ability to function in this area is seriously limited but not precluded."  (Tr. 289).

7

a bipolar disorder and and anxiety disorder.  The Sixth Circuit Court of Appeals has held that "...it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1988).   Therefore, under theses circumstances, this factor was also insufficient to reject the opinion of the treating physician.

The undersigned finds that the ALJ erred in evaluating the opinion of Dr. Dionisio.  Therefore, that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 16th day of February, 2007.


**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**

8